516 A.2d 1252

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles CAIN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 2, 1986.

Filed Oct. 31, 1986.

---

John J. Fioravanti, Assistant Public Defender, Warminster, for appellant.

Alan M. Rubenstein, District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, POPOVICH and MONTGOMERY, JJ.

CAVANAUGH, Judge:

The appellant, Charles Roy Cain, was found guilty of statutory rape, forcible rape, deviate sexual intercourse and indecent assault following a jury trial before Bortner, J. Motions in arrest of judgment and for new trial were denied. Appellant was sentenced to 7½ to 15 years imprisonment for rape and statutory rape and 7½ to 15 years imprisonment for involuntary deviate sexual intercourse and indecent assault the sentences to be served consecutive-

ly upon the expiration of the sentence for rape. An appeal was taken to this court from the judgment of sentence.

The evidence established that on April 18, 1984, two brothers, Randy and Richard, who were eight and ten years of age respectively, went fishing with the appellant at his invitation. The appellant picked the boys up after school and took them in his car to Neshaminy Creek in Warwick Township, Bucks County. The testimony of both boys established that during this fishing trip the appellant had deviate sexual intercourse with them.

On April 28, 1984 the appellant again invited the boys to go fishing at the same location. On this trip another boy, Michael, who was the cousin of Randy and Richard, also went along. When the group arrived at the fishing site the boys put up a tent. While Michael was fishing, appellant took both of the boys separately into the tent and again had deviate sexual intercourse with them. At one point the appellant threatened to kill Randy.

On May 4, 1984 the two brothers told their mother of what the appellant had done to them on April 18 and April 28, 1984. The incident was immediately reported to the police by their mother.

The appellant contends that the trial court erred in allowing Richard's mother to testify to a statement made to her by Richard six days after the second incident occurred. Richard's mother became suspicious that something was wrong when he said he did not want to go with the appellant on another fishing trip. When his mother asked whether the appellant had abused Richard, the boy replied in the affirmative. Over objection by defense counsel, she testified at trial that Richard answered, "Yes mom. He had sex with me." On appeal, appellant argues that the trial judge erred in allowing the mother to testify to Richard's statement.

On cross examination defense counsel impeached Richard's credibility. Defense counsel stressed repeatedly that

Richard had gone over his story with the police on four separate occasions and with three assistant district attorneys.[1] The implication that defense counsel obviously intended to convey was that Richard was coached in his testimony. Richard's credibility was further placed in question when defendant testified in his own defense and described his fishing trip in detail, categorically denying that he sexually abused the two boys in any way.

Prior declarations of a witness which are consistent with his present testimony may be admitted to corroborate his testimony at trial if impugned, expressly or impliedly, as the product of recent fabrication, particularly when improp-

---

**1.** On cross examination by defense counsel, Richard testified as follows:

Q. Now, on the day that you told your mother about this, you went and talked to the police?
A. Yes.
Q. And then a few days later you went and talked to another police officer, didn't you?
A. Yes.
Q. And on June 4th you testified at the preliminary hearing, didn't you?
A. Yes.
Q. And you talked to a guy by the name of Mike, the District Attorney before that hearing, didn't you?
A. Yes.
Q. He went over your testimony, didn't he?
A. Yes.
Q. With you?
A. Yes.
Q. And you talked to the Officer that day that is seated next to Jeff, didn't you?
A. Yes.
Q. And on July 30th you testified again, didn't you?
A. Yes.
Q. And you talked to another District Attorney, am I right?
A. Yes.
Q. And went over what you had told them before?
A. Yes.
Q. And you knew today that you were coming up here to testify, didn't you?
A. Yes.
Q. You went over your testimony today with Jeff?
A. Yes.
Q. And, in fact, you went over yesterday too, didn't you?
A. Yes.

er influence of the witness is implicated. See *Commonwealth v. Cruz*, 489 Pa. 559, 414 A.2d 1032 (1980). *Commonwealth v. Clark*, 355 Pa.Super. 200, 512 A.2d 1282 (1986). As noted in *Commonwealth v. Gore*, 262 Pa.Super. 540, 550, 396 A.2d 1302, 1307 (1978), "it is not necessary that the impeachment be explicit, i.e., that an actual allegation of recent fabrication be made, but only that a jury be able to reasonably infer that such is occurring." See also *Commonwealth v. Bailey*, 322 Pa.Super. 249, 469 A.2d 604 (1983); *Commonwealth v. Kjersgaard*, 276 Pa.Super. 368, 419 A.2d 502 (1980).

While the defense did not expressly attack Richard's testimony as a recent fabrication, it did so impliedly by emphasizing that the ten year old boy had gone over his testimony on numerous occasions before trial with the police and the district attorney.[2] This, coupled with the express denial of any sexual misconduct by the appellant, could lead a jury to infer that the imaginative recollection of an impressionable youth was influenced by his contacts with conviction oriented public officials. Therefore, the testimony of his mother, relating what he said before his contacts with the police and district attorney, was admissible to rebut the inference.

We have reviewed the other issues raised by appellant in a separate Memorandum Opinion to be filed today and none of them warrant a new trial.

Judgment of sentence affirmed.

**2.** In *Keefer v. Byers*, 398 Pa. 447, 450, 159 A.2d 477, 479 (1960) the plaintiff testified concerning an automobile accident. He was cross examined in a way that suggested his version of the collision was a belated fabrication. His son was permitted to testify that the plaintiff described the accident to him at the hospital a few days after the incident and it confirmed his narrative on the witness stand. The court stated that:

> The son's testimony qualified as a consonant statement which, although hearsay and not proof of the substantive matter it contained, was admissible for the purpose of rehabilitating the credibility of the plaintiff whose veracity, if not integrity, has been interrogatingly impugned.