**Rule 613.  Witness's Prior Inconsistent Statement to Impeach; Witness's Prior Consistent Statement to Rehabilitate**

**(a)** **Witness's Prior Inconsistent Statement to Impeach.**  A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility.  The statement need not be shown or its contents disclosed to the witness at that time, but on request, the statement or contents must be shown or disclosed to an adverse party's attorney.

**(b)** **Extrinsic Evidence of a Witness's Prior Inconsistent Statement.**  Unless the interests of justice otherwise require, extrinsic evidence of a witness's prior inconsistent statement is admissible only if, during the examination of the witness,

(1)    the statement, if written, is shown to, or if not written, its contents are disclosed to, the witness;

(2)    the witness is given an opportunity to explain or deny the making of the statement; and

(3)    an adverse party is given an opportunity to question the witness.

This paragraph does not apply to an opposing party's statement as defined in Rule 803(25).

**(c)** **Witness's Prior Consistent Statement to Rehabilitate.**  Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:

(1)    fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or

(2)    having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness's denial or explanation.

### Comment

Pa.R.E 613 differs from F.R.E. 613 to clarify its meaning and to conform to Pennsylvania law.

Pa.R.E. 613(a) and (b) are similar to F.R.E. 613(a) and (b), but the headings and the substance make it clear that the paragraphs are dealing with the use of an inconsistent statement to impeach. The disclosure requirement in paragraph (a) is intended to deter sham allegations of the existence of an inconsistent statement.

Pa.R.E. 613(b) differs from F.R.E. 613(b) in that extrinsic evidence of a prior inconsistent statement is not admissible unless the statement is shown or disclosed to the witness during the witness's examination. Paragraph (b) is intended to give the witness and the party a fair opportunity to explain or deny the allegation.

**To be used for impeachment purposes, an inconsistent statement need not satisfy the requirements of Pa.R.E. 803.1(1)(A)-(C).**

F.R.E. 613 does not contain a paragraph (c); it does not deal with rehabilitation of a witness with a prior consistent statement. Pa.R.E. 613(c) gives a party an opportunity to rehabilitate the witness with a prior consistent statement where there has been an attempt to impeach the witness. In most cases, a witness's prior statement is hearsay, but F.R.E. 801(d)(1)(B) treats some prior consistent statements offered to rebut impeachment as not hearsay. Pa.R.E. 613(c) is consistent with Pennsylvania law in that the prior consistent statement is admissible, but only to rehabilitate the witness. *See Commonwealth v. Hutchinson*, **[521 Pa. 482,]** 556 A.2d 370 (**Pa.** 1989) (to rebut charge of recent fabrication); *Commonwealth v. Smith*, **[518 Pa. 15,]** 540 A.2d 246 (**Pa.** 1988) (to counter alleged corrupt motive); *Commonwealth v. Swinson*, **[426 Pa. Super. 167,]** 626 A.2d 627 (**Pa. Super.** 1993) (to negate charge of faulty memory); *Commonwealth v. McEachin*, **[371 Pa. Super. 188,]** 537 A.2d 883 (**Pa. Super.** 1988) (to offset implication of improper influence).

Pa.R.E. 613(c)(2) is arguably an extension of Pennsylvania law, but is based on the premise that when an attempt has been made to impeach a witness with an alleged prior inconsistent statement, a statement consistent with the witness's testimony should be admissible to rehabilitate the witness if it supports the witness's denial or explanation of the alleged inconsistent statement.

Note: Adopted May 8, 1998, effective October 1, 1998; amended March 23, 1999, effective immediately; amended March 10, 2000, effective July 1, 2000; rescinded and replaced January 17, 2013, effective March 18, 2013**; amended March 1, 2017, effective April 1, 2017**.

Committee Explanatory Reports:

Final Report explaining the March 23, 1999 technical amendments to paragraph (b)(3) published with the Court's Order at 29 Pa.B. 1714 (April 3, 1999).

Final Report explaining the March 10, 2000 amendments adding ''inconsistent'' to section (a) published with the Court's Order at 30 Pa.B. 1645 (March 25, 2000).

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 620 (February 2, 2013).

**Final Report explaining the March 1, 2017 revision of the Comment published with the Court's Order at Pa.B. ( , 2017).**

**Rule 803.1. Exceptions to the Rule Against Hearsay - Testimony of Declarant Necessary**

The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:

**Comment**

**A witness must be subject to cross-examination regarding the prior statement.  *See Commonwealth v. Romero,* 722 A.2d 1014, 1017-1018 (Pa. 1999) (witness was not available for cross-examination when witness refused to answer questions about prior statement).**

**(1)** **Prior Inconsistent Statement of Declarant-Witness.**  A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:

   (A)     was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;

   (B)     is a writing signed and adopted by the declarant; or

   (C)     is a verbatim contemporaneous electronic **[, audiotaped, or videotaped]** recording of an oral statement.

**Comment**

The Federal Rules treat statements corresponding to Pa.R.E. 803.1(1) and (2) as "not hearsay" and places them in F.R.E. 801(d)(1)(A) and (C).  Pennsylvania follows the traditional approach that treats these statements as exceptions to the hearsay rule if the declarant testifies at the trial.

Pa.R.E. 803.1(1) is consistent with prior Pennsylvania case law. *See Commonwealth v. Brady*, **[510 Pa. 123,]** 507 A.2d 66 (**Pa.** 1986) (seminal case that overruled close to two centuries of decisional law in Pennsylvania and held that the recorded statement of a witness to a murder, inconsistent with her testimony at trial, was properly admitted as substantive evidence, excepted to the hearsay rule); *Commonwealth v. Lively*, **[530 Pa. 464,]** 610 A.2d 7 (**Pa.** 1992).  In *Commonwealth v. Wilson*, **[550 Pa. 518,]** 707 A.2d 1114 (**Pa.** 1998), the Supreme Court held that to be admissible under this rule an oral statement must be a verbatim contemporaneous recording in electronic, audiotaped, or videotaped form.

4

An inconsistent statement of a witness that does not qualify as an exception to the hearsay rule may still be introduced to impeach the credibility of the witness. *See* Pa.R.E. 613.

**[Rule 803.1(2). Prior Statement of Identification]**

**(2)     Prior Statement of Identification by Declarant-Witness.** A prior statement by a declarant-witness identifying a person or thing, made after perceiving the person or thing, provided that the declarant-witness testifies to the making of the prior statement.

## Comment

Pennsylvania treats a statement meeting the requirements of Pa.R.E. 803.1(2) as an exception to the hearsay rule. F.R.E. 801(d)(1)(C) provides that such a statement is not hearsay. This differing organization is consistent with Pennsylvania law.

Pa.R.E. 803.1(2) differs from F.R.E. 801(d)(1)(C) in several respects. It requires the witness to testify to making the identification. This is consistent with Pennsylvania law. S*ee Commonwealth v. Ly*, **[528 Pa. 523,]** 599 A.2d 613 (<u>Pa.</u> 1991). The Pennsylvania rule includes identification of a thing, in addition to a person.

**[Rule 803.1(3). Recorded Recollection]**

**(3)     Recorded Recollection of Declarant-Witness.** A memorandum or record made or adopted by a declarant-witness that:

(A)     is on a matter the declarant-witness once knew about but now cannot recall well enough to testify fully and accurately;

(B)     was made or adopted by the declarant-witness when the matter was fresh in his or her memory; and

(C)     the declarant-witness testifies accurately reflects his or her knowledge at the time when made.

If admitted, the memorandum or record may be read into evidence and received as an exhibit, but may be shown to the jury only in exceptional circumstances or when offered by an adverse party.

## Comment

Pa.R.E. 803.1(3) is similar to F.R.E. 803(5), but differs in the following ways:

5

1.    Pennsylvania treats a statement meeting the requirements of Pa.R.E. 803.1(3) as an exception to the hearsay rule in which the testimony of the declarant is necessary.  F.R.E. 803(5) treats this as an exception regardless of the availability of the declarant.  This differing organization is consistent with Pennsylvania law.

2.    Pa.R.E. 803.1(3)(C) makes clear that, to qualify a recorded recollection as an exception to the hearsay rule, the witness must testify that the memorandum or record correctly reflects the knowledge that the witness once had.  In other words, the witness must vouch for the reliability of the record.  The Federal Rule is ambiguous on this point and the applicable federal cases are conflicting.

3.    Pa.R.E. 803.1(3) allows the memorandum or record to be received as an exhibit, and grants the trial judge discretion to show it to the jury in exceptional circumstances, even when not offered by an adverse party.

Pa.R.E. 803.1(3) is consistent with Pennsylvania law.  *See Commonwealth v. Cargo*, **[498 Pa. 5,]** 444 A.2d 639 (**Pa.** 1982).


[This is an entirely new paragraph.]

**(4)    Prior Statement by a Declarant-Witness Who Claims an Inability to Remember the Subject Matter of the Statement.**  A prior statement by a declarant-witness who testifies to an inability to remember the subject matter of the statement, unless the court finds the claimed inability to remember to be credible, and the statement:

(A)    was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;

(B)    is a writing signed and adopted by the declarant; or

(C)    is a verbatim contemporaneous electronic recording of an oral statement.

**Comment**

Pa.R.E. 803.1(4) has no counterpart in the Federal Rules of Evidence.  The purpose of this hearsay exception is to protect against the "turncoat witness" who once provided a statement, but now seeks to deprive the use of this evidence at trial.  It is intended to permit the admission of a prior statement given under demonstrably reliable

and trustworthy circumstances, see, e.g., *Commonwealth v. Hanible*, 30 A.3d 426, 445 n. 15 (Pa. 2011), when the declarant-witness feigns memory loss about the subject matter of the statement.

A prior statement made by a declarant-witness having credible memory loss about the subject matter of the statement, but able to testify that the statement accurately reflects his or her knowledge at the time it was made, may be admissible under Pa.R.E. 803.1(3). Otherwise, when a declarant-witness has a credible memory loss about the subject matter of the statement, see Pa.R.E. 804(a)(3).


Note: Adopted May 8, 1998, effective October 1, 1998; amended March 10, 2000, effective July 1, 2000; rescinded and replaced January 17, 2013, effective March 18, 2013**; amended March 1, 2017, effective April 1, 2017**.

Committee Explanatory Reports:

Final Report explaining the amendment to **[subsection]** **paragraph** (1) and the updates to the Comment to **[subsection]** **paragraph** (1) published with the Court's Order at 30 Pa.B. 1645 (March 25, 2000).

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 620 (February 2, 2013).

**Final Report explaining the March 1, 2107 revision of the Comment and addition of paragraph (4) published with the Court's Order at ____ Pa.B. ____ (____, 2017).**

**Rule 804. Exceptions to the Rule Against Hearsay – When the Declarant is Unavailable as a Witness**

**(a)     Criteria for Being Unavailable.**  A declarant is considered to be unavailable as a witness if the declarant:

(1)     is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

(2)     refuses to testify about the subject matter despite a court order to do so;

(3)     testifies to not remembering the subject matter**, except as provided in Rule 803.1(4)**;

(4)     cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

(5)     is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:

(A)     the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or

(B)     the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

But this **[subdivision] paragraph** (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

**Comment**

**[Pa.R.E. 804(a) is identical to F.R.E. 804(a).]  Pa.R.E. 804(a)(3) differs from F.R.E. 804(a)(3) in that it excepts from this rule instances where a declarant-witness's claim of an inability to remember the subject matter of a prior statement is not credible, provided the statement meets the requirements found in Pa.R.E. 803.1(4).  This rule is otherwise identical to F.R.E. 804(a).  A declarant-witness with credible memory loss about the subject matter of a prior statement may be subject to this rule.**

**Rule 804(b). The Exceptions**

**(b)**     **The Exceptions.**  The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:

    **(1)**     **Former Testimony.**  Testimony that:

        (A)     was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

        (B)     is now offered against a party who had – or, in a civil case, whose predecessor in interest had - an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

### Comment

Pa.R.E. 804(b)(1) is identical to F.R.E. 804(b)(1).

In criminal cases the Supreme Court has held that former testimony is admissible against the defendant only if the defendant had a "full and fair" opportunity to examine the witness.  *See Commonwealth v. Bazemore,* **[531 Pa. 582,]** 614 A.2d 684 (**Pa.** 1992).

Depositions

Depositions are the most common form of former testimony that is introduced at a modern trial.  Their use is provided for not only by Pa.R.E. 804(b)(1), but also by statute and rules of procedure promulgated by the Pennsylvania Supreme Court.

The Judicial Code provides for the use of depositions in criminal cases.  42 Pa.C.S. § 5919 provides:

Depositions in criminal matters.  The testimony of witnesses taken in accordance with section 5325 (relating to when and how a deposition may be taken outside this Commonwealth) may be read in evidence upon the trial of any criminal matter unless it shall appear at the trial that the witness whose deposition has been taken is in attendance, or has been or can be served with a subpoena to testify, or his attendance otherwise procured, in which case the deposition shall not be admissible.

42 Pa.C.S. § 5325 sets forth the procedure for taking depositions, by either prosecution or defendant, outside Pennsylvania.

In civil cases, the introduction of depositions, or parts thereof, at trial is provided for by Pa.R.C.P. No. 4020(a)(3) and (5).

A video deposition of a medical witness, or any expert witness, other than a party to the case, may be introduced in evidence at trial, regardless of the witness's availability, pursuant to Pa.R.C.P. No. 4017.1(g).

42 Pa.C.S. § 5936 provides that the testimony of a licensed physician taken by deposition in accordance with the Pennsylvania Rules of Civil Procedure is admissible in a civil case. There is no requirement that the physician testify as an expert witness.

**[Rule 804(b)(2). Statement Under Belief of Imminent Death]**

> **(2)**     **Statement Under Belief of Imminent Death.** A statement that the declarant, while believing the declarant's death to be imminent, made about its cause or circumstances.

**Comment**

Pa.R.E. 804(b)(2) differs from F.R.E. 804(b)(2) in that the Federal Rule is applicable in criminal cases only if the defendant is charged with homicide. The Pennsylvania Rule is applicable in all civil and criminal cases, subject to the defendant's right to confrontation in criminal cases.

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court interpreted the Confrontation Cause in the Sixth Amendment of the United States Constitution to prohibit the introduction of "testimonial" hearsay from an unavailable witness against a defendant in a criminal case unless the defendant had an opportunity to confront and cross-examine the declarant, regardless of its exception from the hearsay rule. However, in footnote 6, the Supreme Court said that there may be an exception, *sui generis*, for those dying declarations that are testimonial.

**[Rule 804(b)(3). Statement Against Interest]**

> **(3)**     **Statement Against Interest.** A statement that:
>
> > (A)     a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against

10

someone else or to expose the declarant to civil or criminal liability; and

(B)    is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

**Comment**

This rule is identical to F.R.E. 804(b)(3).

**[Rule 804(b)(4). Statement of Personal or Family History]**

**(4)    Statement of Personal or Family History.**  A statement made before the controversy arose about:

(A)    the declarant's own birth, adoption, legitimacy, ancestry, marriage, divorce, relationship by blood, adoption or marriage, or similar facts of personal or family history, even though the declarant had no way of acquiring personal knowledge about that fact; or

(B)    another person concerning any of these facts, as well as death, if the declarant was related to the person by blood, adoption, or marriage or was so intimately associated with the person's family that the declarant's information is likely to be accurate.

**Comment**

Pa.R.E. 804(b)(4) differs from F.R.E. 804(b)(4) by requiring that the statement be made before the controversy arose. *See In re McClain's Estate*, **[481 Pa. 435,]** 392 A.2d 1371 (**Pa.** 1978).  This requirement is not imposed by the Federal Rule.

**[Rule 804(b)(5). Other exceptions (Not Adopted)]**

**(5)    Other exceptions (Not Adopted)**

**Comment**

Pennsylvania has not adopted F.R.E. 804(b)(5) (now F.R.E. 807).

**[Rule 804(b)(6). Statement Offered Against a Party That Wrongfully Caused the Declarant's Unavailability]**

      **(6)**      **Statement Offered Against a Party That Wrongfully Caused the Declarant's Unavailability.**  A statement offered against a party that wrongfully caused – or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending that result.

**Comment**

This rule is identical to F.R.E. 804(b)(6).

Note:  Adopted May 8, 1998, effective October 1, 1998; Comment revised March 10, 2000, effective immediately; rescinded and replaced January 17, 2013, effective March 18, 2013**; amended March 1, 2017, effective April 1, 2017**.

Committee Explanatory Reports:

Final Report explaining the March 10, 2000 revision of the Comment to paragraph (b)(4) published with the Court's Order at 30 Pa.B. 1641 (March 25, 2000).

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 620 (February 2, 2013).

**Final Report explaining the March 1, 2017 amendment of paragraph (a)(3) published with the Court's Order at     Pa.B.   (      , 2017).**