**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| SELINA PEREZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN SANTIAGO | : | |
| | : | |
| Appellant | : | No. 2352 EDA 2022 |

Appeal from the Order Entered August 15, 2022
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 0C2107734

BEFORE:    BOWES, J., McCAFFERY, J., and SULLIVAN, J.

CONCURRING/DISSENTING MEMORANDUM BY McCAFFERY, J.:

**FILED AUGUST 7, 2023**

I respectfully disagree with the Majority's conclusion that the trial court erred in admitting the child A.S.'s statement under the excited utterance exception[1] to the general rule against hearsay.  Instead, I would conclude Father has waived this claim, where he raises it for the first time on appeal. Nevertheless, I join the Majority's decision to vacate the restriction completely excluding M.C. during Father's custodial time and to remand for further proceedings.  Accordingly, I concur and dissent.

First, I would determine that because Father did not raise any hearsay challenge to the child's statement, this issue is waived.  According to Father,

---

[1] Pa.R.E. 803(2).

on January 20, 2022, his counsel received Mother's notice of intent to introduce statements made by the Child, A.S., pursuant to the Tender Years Hearsay Act.[2] Eight months later, on August 15, the same day as the custody hearing, Father filed a motion *in limine*,[3] objecting to admission of the Child's statements on the ground they were tainted by Mother's "coach[ing]."[4] Father's Motion in Limine, 8/15/22, at 3.

At the beginning of the custody hearing, the parties presented arguments on Father's allegation of taint. N.T., 8/15/22, at 7-15. The trial court stated it would hold the arguments under advisement until it interviewed the Child. *Id.* at 12. The first witness, Father's sister (the Child's aunt) testified the Child told her that M.C. touched her. *Id.* at 32-33. Father

---

[2] 42 Pa.C.S. § 5985.1(a)(1)(i)-(ii). ***See Interest of D.C.***, 263 A.3d 326, 333 (Pa. Super. 2021) (as an exception to the general rule against hearsay, Tender Years Hearsay Act provides: "a court may admit a child-victim's out-of-court statement for the truth of the matter asserted when (1) 'the court finds, in an in camera hearing, that the evidence is relevant and that the time, content[,] and circumstances of the statement provide sufficient indicia of reliability;' and (2) the child 'is unavailable as a witness'").

[3] This motion *in limine*, along with other filings, were not included in the original certified record. Upon the parties' joint stipulation, filed in this Court, that the filings should have been included, the trial court transmitted the additional filings to this Court as a supplemental record.

[4] ***See Commonwealth v. Cesar***, 911 A.2d 978, 984 (Pa. Super. 2006) ("Taint is the implantation of false memories or the distortion of real memories caused by interview techniques of law enforcement, social service personnel, and other interested adults, that are so unduly suggestive and coercive as to infect the memory of the child, rendering that child incompetent to testify.").

objected to this testimony on the ground that the trial court, at that time, had not conducted an *in camera* interview of A.S.[5] ***Id.*** at 33. The trial court responded it would hold the objection under advisement, and broached, for the first time, the excited utterance exception: "[The Child's statement] may be considered an excited utterance[ ] exception to the hearsay rule." ***Id.*** Father did not respond to this statement. ***See id.***

When the Child's paternal grandmother testified the Child told her that M.C. touched her, Father "renew[ed]" his objection with regard "to hearsay[,]" without citing any specific grounds. ***See*** N.T. at 52-53. Father did not object when Mother testified that Child stated M.C. had touched her. ***See id.*** at 71.

The next and only other reference to the excited utterance exception arose following the close of evidence, when the trial court made the following rulings:

> [W]ith regard to tender years, I'm going to deny that because the child did not qualify. And there was . . . no statement to be bolstered or for there to be any testimony . . . in that regard.
>
> However, **I do find that under [R]ule 803(2) of Pennsylvania [R]ules of [E]vidence, it does qualify as an excited utterance.** And I am going to permit those statements to come in under the exception to the rules of evidence.

---

[5] The trial court conducted the off-record, *in camera* interview of A.S. later, at that same hearing. N.T. at 80. As the Majority notes, the court found A.S. not competent to testify. ***See id.*** at 81; Maj. Mem. at 5.

N.T. at 311. Father's counsel did not object to this ruling. ***See id.*** Instead, Father challenged the excited-utterance reasoning for the first time in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. ***See*** Father's Concise Statement of Errors Complained of on Appeal, 9/14/22, at 2 (unpaginated).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal. Further, a litigant may not raise a new theory for an objection made at trial in his appeal." ***Commonwealth v. T.B.***, 232 A.3d 915, 922 (Pa. Super. 2020).

Because Father did not raise a timely objection to the trial court's reliance on the excited utterance exception, I would conclude he has waived this issue for our review. ***See*** Pa.R.A.P. 302(a); ***T.B.***, 232 A.3d at 922. Furthermore, Father's brief does not point to the place in the record where he preserved this issue. ***See*** Pa.R.A.P. 2119(e) (where an issue is not reviewable on appeal unless preserved below, the argument section of a brief must cite place in the record where issue was preserved). Therefore, I dissent from the Majority's decision to grant relief on a claim not raised before the trial court. ***See*** Maj. Mem. at 12 (trial court erred in admitting testimony, as to A.S.'s statements, under excited utterance hearsay exception), 15 (admission of this

testimony prejudiced trial court's decision to impose a restriction on Father's partial custody).

Moreover, on the merits, I would defer to the trial court's discretion in admitting or excluding evidence, and conclude the court did not act with bias, prejudice, ill-will or partiality. **See Wilson v. Smyers**, 284 A.3d 509, 514 (Pa. Super. 2022). Pennsylvania Rule of Evidence 803(2) defines an excited utterance as: "A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Pa.R.E. 803(2). As the Majority notes,

> The requirement[ ] of spontaneity is a question which turns on the circumstances of each case and is relaxed when the child declarant is the victim of a sexual assault.
>
> > "Such a relaxation of the rule recognizes both the likelihood of a young child's inability to comprehend . . . the assault and the possibility of the child's hesitancy to discuss the matter for fear of incurring punishment."

**See Commonwealth v. McEachin**, 537 A.2d 883, 889-90 (Pa. Super. 1988) (citations omitted); Maj. Mem. at 9 n.6.

Here, the trial court reasoned the Child had been in a bath for 10 minutes, but when Mother began to wash her "private areas," the Child "made an unsolicited statement" that M.C. had touched her "deto," which was the family's word for vagina. Trial Ct. Op., 10/19/22, at 10-11. The trial court reasoned the Child's initial statement to Mother was "unsolicited and spontaneous," and thus found the Child "was still acting under the stress of the event," sufficiently invoking the excited utterance hearsay exception. **Id.**

at 11. The trial court also considered the paternal grandmother's similar testimony — that when, during a bath, the grandmother washed the Child's "bottom," the Child stated M.C. touched her. *Id.* at 11. Furthermore, the paternal aunt testified she and Child were in the hospital emergency room, talking about a toy the hospital staff had given her, when the Child stated M.C. touched her "booty." *Id.* The court found "[t]he consistency of [these] statements[,] as well as the fact that Father's own family [members were] testifying on behalf of Mother[,] provided sufficient indicia of reliability[.]" *Id.* at 11-12.

The Majority, however, concludes Mother failed to establish when or whether the startling event occurred, how much time had elapsed until the Child's disclosure, and whether the Child talked to, or had the opportunity to talk to, others before making the disclosure to Mother. *See* Maj. Mem. at 12. In my opinion, the Majority's application of these Rule 802(3) principles is overly strict. Instead, especially as the Child was three years old at the time of the statements, I would defer to the trial court's ruling under the relaxed standard for a finding of spontaneity. *See McEachin*, 537 A.2d at 889-90. "It is 'the spontaneity of . . . an excited utterance [that] is the source of reliability and the touchstone of admissibility.'" *Commonwealth v. Bibbs*, 970 A.2d 440, 454 (Pa. Super. 2009) (citations omitted). The Child made the statements, unprompted, to her mother and grandmother when they began washing her genitals and bottom in the bath. I would not disturb the court's

finding that, although some unknown time had passed since the alleged touching, the Child was at that point "under the stress of excitement that it caused." *See* Pa.R.E. 803(2).

On balance, however, I agree with the Majority's decision to vacate the restriction completely excluding M.C. during Father's custodial time, and to remand for the trial court to consider whether it is necessary to fashion a narrower restriction that promotes investigation or resolution of Mother's allegations. *See* Maj. Mem. at 16. I agree the custody order does not provide for Father to take appropriate steps to address Child's reports of abuse, does not allow supervised or therapeutic contacts to determine whether abuse occurred in Father's household, nor provides a mechanism to lift the restriction should M.C. be found to not have abused the Child or engaged in other improper conduct. *See id.*

I emphasize both parties failed to comply with the trial court's directive to undergo either a psychological assessment or custody evaluation. Although Father's counsel stated the parties could not afford a mental health assessment, neither party explained why they did not comply with the alternative provided — a custody evaluation. *See* N.T. at 23. Furthermore, Father's partner (who is M.C.'s mother) testified she did not discuss the allegations with M.C., who was 14 years old at the time of the hearing. *Id.* at 272, 275.

Accordingly, I concur and dissent.