## Commonwealth *v.* Ashford, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before APPEL, J.

*William C. Haynes*, Public Defender, for appellant.

*Robert A. Longo* and *Michael H. Ranck*, Assistant District Attorneys, and *D. Richard Eckman*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 11, 1974:

Appellant was charged with assault and battery and obstructing an officer in the execution of process. The officer involved was an officer of the Lancaster City Police Department. This officer and a student-officer[1]

---

[1] A student-officer was a local high school student serving without pay as a volunteer, apparently as an aid to the police and as a preliminary to a training program. (T. 10)

were the only witnesses presented by the Commonwealth at the jury trial of January 15, 1973. The jury returned a guilty verdict on both counts and timely motions for arrest of judgment and for new trial were denied on April 17, 1973. Appellant was sentenced on April 27, 1973, to serve two months in the Lancaster County Prison and to a fine of $25.00 on each count, with the sentences to run concurrently. From judgment of sentence appellant filed this appeal on May 25, 1973, raising the issues of whether the verdict was contrary to the evidence, contrary to the weight of the evidence and contrary to law. It is clear that it is not, and judgment of sentence will be affirmed.

In determining whether the evidence was sufficient to support the guilty verdict, we accept the Commonwealth's evidence as true, including all reasonable inferences therefrom. *Commonwealth v. Portalatin,* 223 Pa. Superior Ct. 33, 36, 297 A. 2d 144 (1972). So viewed, the testimony will show why the lower court was correct in dismissing appellant's motions.

On August 18, 1972, at 2:10 a.m., the testimony reveals that the appellant was walking in the vicinity of South Plum Street in Lancaster when a police cruiser occupied by Officer Carr and Student Officer Stockton stopped. Officer Carr testified that he had thought the appellant had signalled for the police to approach, which the officers did. The appellant, on subsequent questioning, denied needing any assistance, used loud and abusive language, profanity and began "tapping me [Carr] on the side of my face with his finger." (T. 16)

The policeman kept the appellant standing near the cruiser until Student Officer Stockton checked for outstanding warrants against appellant. When the station reported no warrants Officer Carr told the appellant he was free to go.

The testimony establishes the actions which followed. Officer Carr stated, and Student Officer Stockton corroborated, that as Carr turned to go back to the car, the appellant shoved him and pushed his head onto a parked car. Officer Carr then grabbed appellant and placed him under arrest for assault and battery and appellant began a fight. Appellant denied that recitation of facts and stated that once he started to leave the area, upon being told that he was free to go, Officer Carr said, "I'm not through with you yet," and began hitting appellant with his stick. Appellant tried to push the officer away but never struck him.

Appellant then ran from the scene to a house on South Plum Street and Officer Carr followed. Officer Carr told appellant to come with him as he was under arrest but appellant resisted and again attempted to fight. Appellant was eventually subdued, given his constitutional rights and taken to the station.

It is obvious that the sole issue in this case was credibility. That matter was passed on by the jury under proper and correct instructions from the trial judge and no error is claimed in these instructions.

Whether a verdict is contrary to the evidence or the weight of the evidence so as to require a new trial is within the discretion of the trial judge. *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A. 2d 114 (1972) ; *Commonwealth v. James*, 197 Pa. Superior Ct. 110, 177 A. 2d 11 (1962) ; *Commonwealth v. Ransom*, 169 Pa. Superior Ct. 306, 82 A. 2d 547 (1951), *aff'd*, 369 Pa. 153, 85 A. 2d 125 (1952). In this case, the court below determined that the Commonwealth's evidence was sufficient, if believed by the jury, to warrant the verdict. We see no basic or fundamental error in the verdict which is so shocking to a sense of justice that it must be overturned.

For the verdict to be against the law, it must appear that the verdict is not consistent with any of the al-

ternatives properly left to the jury under the charge of the court. *Commonwealth v. Nestor,* 70 Dauph. 23, *aff'd,* 183 Pa. Superior Ct. 350, 132 A. 2d 369 (1957). In the instant case the jury found the defendant guilty of assault and battery and obstructing an officer in the execution of process. This was clearly an alternative left to the jury by the charge and will not be set aside on appeal.

The motion in arrest of judgment was also properly denied. In passing on such a motion, the verdict winner is entitled to all reasonable inferences arising from the evidence. The effect of making this motion is to admit all the facts which the Commonwealth's evidence tends to prove. *Commonwealth v. Piperata,* 215 Pa. Superior Ct. 325, 257 A. 2d 277 (1969) ; *Commonwealth v. Hayes,* 205 Pa. Superior Ct. 338, 209 A. 2d 38 (1965). In the instant case, the Commonwealth introduced sufficient evidence to convict the defendant.

Judgment of sentence affirmed.