460 A.2d 745

COMMONWEALTH of Pennsylvania

v.

Frank R. HART, Appellant.

Supreme Court of Pennsylvania.

Submitted April 21, 1983.

Decided May 27, 1983.

Delores Wilson, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Thomas Quinn, Asst. Dist. Attys., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

Appellant Frank Hart appeals from a judgment of sentence of imprisonment of five to fifteen years imposed by the Court of Common Pleas of Philadelphia upon a verdict of murder of the third degree entered after a bench trial. Appellant seeks a new trial on the ground that his trial counsel allegedly provided ineffective assistance in failing to object to the competency of two of the Commonwealth's eyewitnesses, both of whom were minors. Having found no basis on the record for the disqualification of these eyewitnesses, we affirm.

Appellant was tried on charges of murder generally and voluntary manslaughter for the beating death on August 26, 1977, of sixty-six year old Jessie Hines. The Commonwealth's case against appellant was established through the testimony of three eyewitnesses: Mary Johnson, an adult, and Will McCray and Shawn Dukes, both minors. McCray, then thirteen years of age, testified that, immediately before the beating, he had observed appellant standing on the sidewalk outside the victim's home, had heard appellant say "I'm going in there and get Jessie," and had seen appellant enter the victim's home. McCray also testified that through the front window of the victim's home he had seen appellant punch the victim five or six times on the head and face, and shake the victim severely. Shawn Dukes, then eleven years of age, testified that he, too, had seen appellant enter the victim's home and punch the victim, although he stated that appellant had not announced that he was going to "get Jessie" until the victim had been beaten. Mary Johnson, the adult eyewitness, corroborated the testimony of both minors concerning the beating. Additionally, testimony of a medical examiner revealed that the cause of death had been a subdural hematoma, an injury consistent with a beating.

Represented by the same counsel as at trial, appellant took an appeal from the judgment of sentence to this Court. The matter was transferred to the Superior Court, which, in a per curiam opinion, rejected two claims of trial error, but declined to reach the merits of appellant's present allegation of ineffective assistance because trial counsel was impermissibly attempting to argue his own ineffectiveness. *Commonwealth v. Hart*, 272 Pa.Super. 189, 414 A.2d 1071 (1979). See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Thus the Superior Court remanded the record for appointment of new counsel and an evidentiary hearing on the ineffective assistance claim. The evidentiary hearing was conducted by the trial judge who had presided at

appellant's bench trial. This appeal followed the court's denial of relief.*

It is well settled that the competency of a witness is presumed and the burden to show incompetency falls upon the party asserting it. *Commonwealth v. Riley,* 458 Pa. 390, 393, 326 A.2d 384, 385 (1974). When the witness is a child under the age of fourteen years, the trial judge should be satisfied that the witness has

> "(1) such capacity to communicate, including as it does both an ability to understand questions and to frame express and intelligent answers; (2) mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that [the witness] is called to testify about; and (3) a consciousness of the duty to speak the truth."

*Rosche v. McCoy,* 397 Pa. 615, 620, 156 A.2d 307, 310 (1959) (emphasis in original). See also *Commonwealth v. Baker,* 466 Pa. 479, 485, 353 A.2d 454, 457 (1976). The determination of competency is a matter for the sound discretion of the trial court, which will not be disturbed absent a clear abuse of that discretion. *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974). Accord, *Commonwealth v. Martinez,* 498 Pa. 387, 446 A.2d 899 (1982). Where, as here, the fact finder is a judge, rather than a jury, even more deference should be accorded the trial court's determination of competency. *Commonwealth v. Speicher,* 259 Pa.Super. 433, 439, 393 A.2d 904, 907 (1978).

So viewed, the record fully supports the trial court's determination that both witnesses displayed not only the ability to recall and relate the events of the homicide in a comprehensible fashion, but also a consciousness of their duty to speak the truth. As stated by the hearing judge, who as trial judge had observed the witnesses at appellant's trial,

---

* On this appeal appellant has not pressed his claims of trial error that were rejected by the Superior Court on his initial appeal. Although it would appear that the present appeal should have been taken to the Superior Court, see 42 Pa.C.S. § 742, no objection to our jurisdiction has been raised by the Commonwealth, see 42 Pa.C.S. § 704, and we will entertain the matter in the interest of judicial economy.

"[i]n the instant case, one witness was on the threshold of presumed competence, the other was but a short time away. It was apparent to this Court that the requirements for competency were successfully met. This Court's observation of the witnesses' demeanor during voir dire and testimony clearly demonstrated that they were of above-average intelligence; they possessed the ability to communicate [and] to remember and that they were conscious of the difference between the truth and a lie as well as their duty to speak the truth."

As an objection to the testimony of the minor witnesses based on their lack of competency would not have been meritorious, it cannot be said that trial counsel provided ineffective assistance. See *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Judgment of sentence affirmed.