514 A.2d 680

John J. Colsher, Appellant *v.* Township of Ridley, Appellee.

Argued December 13, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Herbert Pressman, Pressman & Pressman,* for appellant.

*Peter J. Rohana, Jr.,* with him, *F. Kirk Adams,* for appellee.

OPINION BY SENIOR JUDGE KALISH, September 5, 1986:

Appellant, John Colsher, appeals from an order of the Court of Common Pleas of Delaware County which

denied his motions for a new trial and/or arrest of judgment. We reverse.

Appellant was charged with violating Ridley Township Ordinance No. 1533, for having two large commercial vehicles parked on his property in excess of two hours. Ordinance 1533 prohibits parking commerical vehicles on private property. Appellant was found guilty of the charges by a district justice. Following a trial *de novo*, the trial court upheld the conviction. Appellant filed motions for a new trial and arrest of judgment, which were denied.

Appellant contends that the evidence was insufficient to support his conviction. Additionally, appellant challenges the constitutionality of Ordinance 1533.

Section 1 of Ordinance 1533 provides:

> The term commerical vehicle, as used in this Ordinance, shall include trucks, tractors, trailers or tractor-trailer combinations or any other vehicle usable for commercial purposes having the weight classification of Class 6 or higher as determined by its registered gross weight or combination weight in pounds as set forth in the Pennsylvania Motor Vehicle Code of 1976, as Amended, 75 P.S. Sec. 1916. Commercial vehicles shall not include leisure or recreational vehicles.

> The term parking as used in this Ordinance shall be defined as the leaving of such commercial vehicle unattended for a period in excess of two hours.

Section 2 provides:

> Except while loading or unloading, or rendering requested services to residents, it shall be unlawful for any person to park any commercial vehicle upon private property whether in a driveway or other off-street area in

any residential zoning district of the township. This prohibition shall not apply to any vehicles serving township or school or public utility purposes or to contractors erecting or repairing buildings in the township.

In testing the sufficiency of the evidence, an appellate court must accept the Commonwealth's evidence as true, including all reasonable inferences therefrom. *Commonwealth v. Ashford,* 227 Pa. Superior Ct. 351, 322 A.2d 722 (1974); *Commonwealth v. Portalatin,* 223 Pa. Superior Ct. 33, 297 A.2d 144 (1972).

The Commonwealth's evidence shows that appellant resides at 2140 Pershing Avenue in Ridley Township. Two trucks in excess of the weight classification permitted by the Ordinance were parked for over two hours in front of the property located at 2140 Pershing Avenue. One of the trucks was owned by the Colsher Corporation, and the other truck was owned by the National Heat and Power Company. Appellant is the President of the Colsher Corporation.

Reasonable inferences favorable to the Commonwealth may be drawn. However, in a criminal matter, where a defendant is presumed innocent, and may be convicted only upon evidence beyond a reasonable doubt, such inferences must be handled with care. An inference is not a substitute for specific facts, and should only be drawn where the evidence is substantial enough to support the inference.

Under the terms of Ordinance 1533, the Commonwealth must prove that appellant *parked* the trucks, not that he had direct control over the trucks being there. It is not a reasonable or natural inference that appellant parked the trucks just because he lives at the house, and is an officer of the corporation that owns one of the trucks. There was no evidence that appellant parked either of the trucks.

Having determined that the evidence does not support appellant's conviction, we will not address appellant's other arguments. Accordingly, we reverse the trial court.

ORDER

Now, September 5, 1986, the order of the Court of Common Pleas of Delaware County, Summary Appeal Nos. 116 and 117 of 1984, dated December 11, 1984, is reversed.