## Commonwealth v. Jones

*Charles Ehrlich, assistant district attorney,* for the Commonwealth.
*Peter Goldberger,* for defendant.

SAVITT, *J.,* November 28, 1990 — Defendant Earl C. Jones was a regular customer of Nick's Bar located at 5600 Lansdowne Avenue in Philadelphia and was acquainted with the victim, Sabrina Best, who was a barmaid there. On December 3, 1988, a Saturday night, defendant went into the bar, put some money down on the bar and told the victim that it was hers. Sometime later he asked her to return the money, but she refused, saying he had given it to her. At one point he got up, went behind the bar, and showed her a small silver handgun, again saying he wanted the money back. Some of the other customers persuaded him to return to his

seat and he remained sitting at the bar for several minutes. When the victim walked to the other end of the bar to serve a customer and to pour herself a drink, defendant followed her, pointed the gun at her and fired, hitting her in the chest and causing her death.

The case was tried by this court with a jury from November 16, 1989 to December 6, 1989 and defendant was found guilty of murder in the third degree and possessing an instrument of crime. On January 4 and January 11, 1990 hearings were held pursuant to 42 Pa.C.S. §9715 to determine defendant's prior conviction for first-degree manslaughter in New York State. Following these hearings the court determined that defendant's New York State conviction for first-degree manslaughter was substantially equivalent to voluntary manslaughter and third-degree murder in Pennsylvania, and sentenced defendant to life imprisonment. Hearings on defendant's ineffectiveness claims were held on October 23 and October 24, 1990.

## OPINION

Trial counsel timely filed post-sentence motions and then withdrew. Defendant's present counsel has filed supplemental motions on defendant's behalf. In his post-sentence motions, defendant argues that trial counsel was ineffective for not advancing his theory of accident in his opening statement and for his request concerning an instruction on homicide by misadventure. Defendant further argues that the court erred in permitting the Commonwealth to death-qualify the jury, in not declaring a mistrial and not sustaining certain defense objections based on prosecutorial misconduct, for refusing certain rein-

struction to the jury and for imposing a sentence of life imprisonment pursuant to 42 Pa.C.S. §9715.

Counsel is presumed to be effective and the burden of proving ineffectiveness is on the defendant. *Commonwealth v. Williams,* 524 Pa. 218, 570 A.2d 75 (1990); *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Stinnett,* 356 Pa. Super. 83, 514 A.2d 154 (1986). In order to carry his burden the defendant must show first, that the claim that counsel failed to present has arguable merit and that counsel's failure to raise it was without a reasonable basis which would effectuate the defendant's best interest. *Strickland v. Washington,* 466 U.S. 468 (1984); *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986), cert. denied, 109 S.Ct. 187 (1988); *Commonwealth v. Pigg,* 391 Pa. Super. 418, 571 A.2d 438 (1990). Second the defendant must show that counsel's ineffectiveness worked to his prejudice; *Strickland v. Washington, supra; Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Pigg, supra.* In order to show prejudice the defendant must demonstrate that there is a reasonable possibility that but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington, supra; Commonwealth v. Pierce, supra.*

Defendant's claims, that trial counsel was ineffective for not introducing the theory of accident in his opening statement and for his request regarding a jury instruction on homicide by misadventure, have no merit.

Decisions as to trial strategy are within the exclusive province of counsel. *Commonwealth v. Hudson,* 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. McGrogan,* 449 Pa. 584, 297 A.2d 456 (1972); *Commonwealth v. Petras,* 368 Pa. Super.

372, 534 A.2d 483 (1987); *Commonwealth v. Metzger,* 295 Pa. Super. 267, 441 A.2d 1225 (1982). Counsel may not be declared ineffective where his trial strategy had a reasonable basis designed to effectuate the defendant's best interests. *Commonwealth v. Buehl, supra; Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Further, responsible trial advocacy imposes no inflexible duty upon counsel to contest in his closing all elements of the offense, nor is counsel precluded from conceding what the proof makes evident. *Commonwealth v. Hudson, supra.*

In the instant case trial counsel chose not to advance the theory of accident in his opening statement. At the hearing on ineffectiveness, trial counsel explained that his reasons for not relying solely on the defense of accident were that on the basis of the facts of the case as well as the findings of his own firearms expert, the accident explanation was not credible. Further, trial counsel explained, to leave the jury with no compromise verdict was to risk their accepting the Commonwealth's theory of first-degree murder in light of defendant's kicking and general abuse of the victim's body after he shot her. Given the fact that defendant was drinking and had been provoked by the victim, there was a chance that the jury could find defendant guilty of voluntary manslaughter. Thus, counsel's trial strategy had a reasonable basis designed to effect defendant's best interests and defendant is not entitled to a new trial on this basis.

Defendant's claim that trial counsel was ineffective for requesting and then not objecting to the instruction ''homicide by misadventure'' has no arguable merit. The question of whether or not the instruction implies that the defendant need only act with ordinary negligence is moot under the circum-

stances of the case at bar. Here the evidence shows that defendant pointed the gun at the victim, an unlawful act that negates the first element of the defense. *Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979): *Commonwealth v. Jackson,* 464 Pa. 292, 346 A.2d 746 (1975). Therefore, the Commonwealth did not have to find that defendant had not acted with reasonable care to disprove this defense, but only that defendant acted in an unlawful manner. Trial counsel was not ineffective and defendant is not entitled to a new trial on this basis.

It is settled law that the death qualification of a jury does not result in a prosecution-prone jury uncommonly willing to convict a defendant. *Lockhart v. McCree,* 476 U.S. 162 (1986); *Witherspoon v. Illinois,* 391 U.S. 510 (1968); *Commonwealth v. DeHart,* 512 Pa. 235, 516 A.2d 656 (1986), cert. denied, 483 U.S. 1010 (1986); *Commonwealth v. Szuchon,* 506 Pa. 228, 484 A.2d 1365 (1984). Defendant Jones has presented no data to show that the death qualification resulted in an unrepresentative jury or substantially increased the risk of his conviction and he is not entitled to a new trial on this basis.

A new trial will not be granted on the basis of prosecutorial misconduct absent a showing that the unavoidable effect of the prosecutor's conduct is to so prejudice the jury that they are incapable of weighing the evidence and rendering a true verdict. *Commonwealth v. Carpenter,* 511 Pa. 429, 515 A.2d 531 (1986); *Commonwealth v. Upsher,* 497 Pa. 621, 444 A.2d 90 (1982); *Commonwealth v. Yabor,* 376 Pa. Super. 356, 546 A.2d 67 (1988), alloc. denied, 521 Pa. 620, 557 A.2d 724 (1989). Furthermore, in evaluating a prosecutor's conduct or remark the court must consider the context in which the conduct or remark occurred. *Commonwealth v. Smith,*

518 Pa. 15, 540 A.2d 246 (1988); *Commonwealth v. Carpenter, supra.*

The prosecutor's closing discussion of the position of the cash register relative to the pouring device and the bloodstain on the floor was a response to defense counsel's remarks concerning the credibility of witness Anthony Rankin's testimony about defendant picking the victim up and dragging her to the cash register. The prosecutor merely set forth inferences that could properly be drawn from the evidence and did not misstate the objective facts. There is no merit to defendant's averment that this court erred in not sustaining his objection to this portion of the prosecutor's closing speech. Thus, the prosecutor's remarks were not of such a nature as to so prejudice the jury that they were incapable of rendering a true verdict and he is not entitled to a new trial on this basis.

Detective Worrel's testimony regarding his consultation with the Chief of Homicide in the District Attorney's Office before placing defendant under arrest was not so prejudicial to defendant as to warrant a mistrial. Although the testimony was irrelevant, it was merely a description of the procedure the detective followed prior to defendant's arrest and did not imply that anyone thought that defendant was guilty of first-degree murder. Furthermore, after sustaining the defense objection, this court instructed the jury to disregard the testimony and reminded them that it is the answers that are evidence, not the questions.

There was no error in the court's refusal to reinstruct the jury on the definition of reasonable doubt in response to their request for reinstruction on the definition of malice. The jury requested only a definition of malice and that was all that the court

was required to give them. Defendant is not entitled to a new trial on this basis.

It was not error to impose a life sentence on defendant pursuant to 42 Pa.C.S. §9715 on the basis of the defendant's 1963 conviction for first-degree manslaughter in New York State. Under 42 Pa.C.S. §9715(a) a life sentence is mandated for "any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or the same or substantially equivalent crime in any other jurisdiction."

In order to determine this issue, it is necessary to look at the statutory schemes in New York and in Pennsylvania. In New York, in 1963, which is the year defendant was convicted, both first- and second-degree murder required a design to effect a death, first-degree requiring deliberation and premeditation and second-degree requiring no premeditation or deliberation. N.Y. Criminal Law §§1044, 1046 (Consol. 1909). Manslaughter was defined as a killing other than first- or second-degree murder, which was not justifiable or excusable. The statute under which defendant was convicted defined first-degree manslaughter as follows:

"§1050. Manslaughter in first degree. Such homicide is manslaughter in the first degree, when committed without a design to effect death:

"(1) By a person engaged in committing, or attempting to commit, a misdemeanor, affecting the person or property, either of the person killed, or of another; or,

"(2) In the heat of passion, but in a *cruel and unusual manner, or by means of a dangerous weapon. . .*" N.Y. Criminal Law §1050 (Consol. 1909). (emphasis supplied)

The offense was punishable by imprisonment not to exceed 20 years. N.Y. Criminal Law §1051 (Consol. 1909).

Manslaughter of the second degree in New York in 1963 was defined as follows:

"§1052. Manslaughter in second degree. Such homicide is manslaughter in the second degree, when committed without a design to effect death:

"(1) By a person committing or attempting to commit a trespass, or other invasion of a private right, either of the person killed, or of another, not amounting to a crime; or,

"(2) In the heat of passion, *but not by a dangerous weapon or by the use of means either cruel or unusual;* or,

"(3) By any act, procurement or culpable negligence of any person, which, according to the provisions of this article, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree." N.Y. Criminal Law §1052 (Consol. 1909). (emphasis supplied)

Manslaughter in the second degree was punishable by a term of imprisonment not exceeding 15 years. N.Y. Criminal Law §1053 (Consol. 1909).

First-degree murder in Pennsylvania requires a specific intent to kill while second-degree murder is a murder committed during the commission of a felony. 18 Pa.C.S. §2502(a), (b).

Murder in the third degree in Pennsylvania is defined as any murder which is not first- or second-degree murder. 18 Pa.C.S. §2502(c). Murder in the third degree has been further defined by case law. A person may be convicted of third-degree murder where the killing is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice. *Commonwealth v. Reilly,* 519 Pa. 550, 549 A.2d 503 (1988); *Commonwealth v.*

*Pigg, supra.* Malice consists of a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty. *Commonwealth v. Reilly, supra; Commonwealth v. Pigg, supra.* Malice may be inferred from the use of a deadly weapon on a vital part of the body. *Commonwealth v. Carter,* 481 Pa. 495, 393 A.2d 13 (1978); *Commonwealth v. Pigg, supra.*

A comparison of the New York and Pennsylvania statutory schemes as well as the definitions of the offenses themselves clearly demonstrates that first-degree manslaughter as defined in New York in 1963 is the substantial equivalent of third-degree murder in Pennsylvania. Both are homicides committed without the specific intent to kill, and performed with malice, the malice in the New York statute being set forth by the requirement that the offense be committed in a cruel or unusual manner or by means of a dangerous weapon. That the New York crime must be one committed in the heat of passion is of no moment here as the passion serves only to reduce the crime from first- or second-degree murder to manslaughter. Furthermore, the crimes carry the same penalty of not more than 20 years, which is further evidence that the two crimes are of equivalent seriousness. The New York and Pennsylvania crimes are clearly substantially equivalent and defendant was properly sentenced to life in prison under 42 Pa.C.S. §9715.

The test for sufficiency of the evidence is whether viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt. *Commonwealth v. Porter,* 524 Pa. 162, 569 A.2d 942 (1990); *Common-*

*wealth v. Hardcastle,* 519 Pa. 236, 546 A.2d 1101 (1988), cert. denied, 110 S. Ct. 1169 (1989).

Viewing the evidence in the case at bar in the light most favorable to the Commonwealth, it is clear that it was sufficient to sustain defendant's conviction for murder in the third degree and possessing an instrument of a crime. There is no merit to defendant's claim that the evidence against him was not sufficient.

A defendant may be given a new trial on the ground that the verdict is against the weight of the evidence even where the evidence is legally sufficient to sustain a guilty verdict. *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983), cert. denied, 465 U.S. 1104 (1984); *Commonwealth v. Bowermaster,* 297 Pa. Super. 444, 444 A.2d 115 (1982). The decision to grant or deny a motion on this ground is committed to the sound discretion of the trial court. *Commonwealth v. Whitney,* 511 Pa. 232, 512 A.2d 1152 (1986); *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982); *Commonwealth v. Hunter,* 381 Pa. Super. 606, 554 A.2d 550 (1989). A new trial should be awarded on the ground that the verdict is so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative. *Commonwealth v. Laing, supra.*

The record in the instant case discloses that the conviction is sustained by the weight of the evidence. Therefore, defendant's request for a new trial on this ground is without merit.

In the instant case, the verdict was clearly an alternative left to the court after the presentation of the evidence. Accordingly, the verdict was not contrary to law, see *Commonwealth v. Ashford,* 227 Pa. Super. 351, 322 A.2d 722 (1974), and defendant is not entitled to a new trial on this basis. Defen-

58

dant's other allegations of error have no merit and will not be considered further here.

For the reasons stated herein, defendant's motions for a new trial and arrest of judgment were denied.