J-S27033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARSDEN LARUE AYRES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN SANDRONI, | |
| Appellant | No. 1774 MDA 2015 |

Appeal from the Judgment Entered November 9, 2015
In the Court of Common Pleas of Bradford County
Civil Division at No(s): 12 CV 000222

BEFORE:  SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 22, 2016**

Appellant John Sandroni appeals from the judgment entered on November 9, 2015, by the Honorable J. Michael Williamson, Senior Judge Specially Presiding, in the Court of Common Pleas of Bradford County.  Upon our review of the record, we affirm.

The instant matter arises following Appellee Mardsen Larue Ayres' filing of a Complaint on May 22, 2012, to enforce an "Agreement for Sale of Manufactured Home" (hereinafter "the Agreement") into which the parties had entered on January 31, 2011.  Pursuant to the Agreement, Appellee had agreed to sell Appellant a mobile home for a purchase price of Sixteen Thousand ($16,000) Dollars.  In his Complaint, Appellee averred the closing was to be held on or before April 29, 2011; however, despite Appellee's willingness and ability to participate therein and his fulfillment of all

---

*Former Justice specially assigned to the Superior Court.

conditions precedent, the sale never occurred. Complaint, filed May 22, 2012, at ¶¶ 3-5.

Appellant filed his Answer and Counterclaim to the Complaint on November 20, 2012. In Count I of his Counterclaim, Appellant sought money damages. Appellant indicated that Appellee, a month-to-month tenant, had placed the manufactured home upon Appellant's land and owed him $3,500.00 for unpaid rent. Answer and Counterclaim filed November 20, 2012, at ¶¶ 8-9. Appellant further brought an action in ejectment against Appellee. *Id*. at Count II. In response Appellee filed his Answer to Counterclaim on February 10, 2015, wherein he averred, *inter alia*, that the parties had entered into the Agreement whereby Appellant was to forgive the owed rent and to purchase the mobile home from Appellee. Appellee further maintained that he had not lived in the mobile home since the execution of the Agreement and that as the owner of the home, Appellant should pay Appellee the agreed upon purchase price. On that same day, discerning that a resolution to the matter could not be achieved, the trial court entered an Order scheduling the case for a one-half day jury trial.

In a separate Order of March 4, 2015, after noting that the pleadings were closed and discovery had been completed, the trial court scheduled trial for June 15, 2015. Following the nonjury trial, at which both sides presented witness testimony and various exhibits, the trial court filed an Order on August 18, 2015, wherein it found Appellant had been unjustified in failing to close and entered judgment in favor of Appellee and against

Appellant in the amount of Fourteen Thousand Three Hundred ($14,300.00) Dollars together with costs of the lawsuit.[1]  The trial court further specified that it had declined to award interest "on the basis that neither the parties nor their attorneys have exercised any intelligence in trying to resolve this matter."

Appellant filed his "Post Trial Motions" on August 28, 2015.  Therein, Appellant posited that as per the terms of paragraphs ten (10)[2] and twelve

_____

[1] The judgment amount represented the Sixteen Thousand ($16,000.00) Dollar purchase price of the mobile home less Seventeen Hundred ($1,700.00) Dollars for past-due rent.

[2] This provision reads as follows:

> **CONDITIONS AND COVENANTS**:  AND, it is further agreed that the following conditions and covenants are a part of this agreement, and that each and all of them are binding upon the parties hereto, and their respective heirs, executors, administrators, successors and assigns:
>
> a. This agreement and the obligations of the parties hereunder is continent [sic] upon the BUYER's inspection of the manufactured home prior to closing and the BUYER shall not be required to close unless:
>
>> i.    The manufactured home is empty of its personal property contents;
>>
>> ii.   The manufactured home is broom clean;
>>
>> iii.  All personal property scattered on the lot rented by the SELLER from the BUYER is removed;

*(Footnote Continued Next Page)*

(12)[3] of the Agreement, he clearly had the right to inspect the mobile home and that he had testified he discovered the mobile home was uninhabitable when he did so, although he admitted he could not recall the date of his examination.[4]   Appellant further contended that despite the fact that no evidence had been presented at trial regarding why the closing was delayed, the trial court wrongly attributed such delay to what was characterized as Appellant's "unjustified" conduct.   Stating that as Appellee initiated the lawsuit "it was his obligation to offer that evidence," Appellant requested the trial court enter judgment in his favor.  **See** Post Trial Motions at ¶¶ 6, 10-

*(Footnote Continued)* —————————

> iv.   All monies owed by SELLER TO BUYER under the terms of the rental agreement between them has been paid or deducted from the purchase price to be paid at closing;
>
> v.   The Seller has removed himself from the premises.

 **See** Agreement for Sale of Manufactured Home, January 31, 2011, at ¶ 10.

[3] Paragraph twelve indicates:

> **BUYER'S INSPECTION**:  BUYER reserved the right to make a pre-settlement inspection of the premises within twenty-four (24) hours of settlement; the real estate shall be substantially in the same condition as it was when first inspected by the BUYER prior to the execution of this Agreement and must be thoroughly cleaned by the SELLER or agents prior to the date of closing.

**See** Agreement for Sale of Manufactured Home, January 31, 2011, at ¶ 12.

[4] Appellant acknowledged at trial that no inspection took place within twenty-four hours of the settlement date, which was to have been April 29, 2011.  N.T., 11/6/15, at 12-14.

12. The trial court denied Appellant's Post Trial Motions on August 31, 2015, and judgment was entered in favor of Appellee on November 9, 2015.[5]

On September 28, 2015, Appellant filed his notice of appeal, and in an order of September 30, 2015, the trial court directed Appellant to file a concise statement of the matters complained of on appeal. Appellant filed the same on October 21, 2015. In its "1925(a) Order" of October 26, 2015, upon noting that Appellant's concise statement of errors complained of on appeal "simply reiterates the testimony from his perspective and suggests we should have ruled in his favor," the trial court indicated that it be relying upon its Order of August 18, 2015.

In his brief, Appellant presents the following question for our review:

Was the Trial Court required to interpret and enforce the contract between the parties in accordance with the terms of the contract, as made by the parties?

Brief for Appellant at 2. Before considering the merits of this issue, we must first consider whether Appellant has properly preserved it for our review.

As this Court has noted, a timely-filed Pa.R.A.P. 1925(b) statement does not automatically equate to issue preservation. **Jiricko v. Geico Ins.**

---

[5] Even though Appellant's notice of appeal was filed prior to the entry of judgment, "it is clear that jurisdiction in appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment." **Johnston the Florist, Inc. v. TEDCO Const. Corp.**, 657 A.2d 511, 513 (Pa.Super. 1995) (citation omitted).

*Co.,* 947 A.2d 206, 210 (Pa.Super. 2008). "[T]he Pa.R.A.P.1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal. . . ." *Id*. In this regard, Pa.R.A.P. 1925(b) provides in pertinent part:

> (4) Requirements; waiver.
> ....
> (ii) The Statement **shall concisely** identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.
> ....
> (iv) The Statement **should not be redundant or provide lengthy explanations as to any error**. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.
> ....
> (vii) **Issues not included in the Statement and/or not raised in accordance with the provisions** of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b) (emphasis added).

In *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa.Super. 1998), our Supreme Court held that when a trial court directs a defendant to file a concise statement of matters complained of on appeal, "any issues not raised in a 1925(b) statement will be waived." In *Commonwealth v. Dowling*, 778 A.2d 683, 686–87 (Pa.Super. 2001), this Court extended that holding to include vague 1925(b) statements and in doing so held that "a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement

at all." *Id.* Therefore, an appellant waives any issues he attempts to raise in a Rule 1925(b) statement the vagary of which prevents the trial court from sufficiently identifying and properly addressing them. This remains true even if the trial court correctly guesses the issues the appellant wished to assert on appeal and writes an opinion pursuant to that supposition. *Commonwealth v. Heggins*, 809 A.2d 908, 912 (Pa.Super. 2002).

Herein, the trial court properly directed Appellant to provide a concise statement of matters complained of on appeal in accordance with Rule 1925(b). While Appellant filed said statement on October 21, 2015, the statement was significantly deficient in that Appellant failed to state with any specificity therein an alleged error of law committed by the trial court. Instead, as the trial court noted in its 1925(a) Order, Appellant merely reiterated his version of the facts which he argued dictated a favorable result. Indicating that it had resolved credibility issues in favor of Appellee and against Appellant, the trial court relied upon its reasoning set forth in its August 18, 2015, Order.

Since Appellant failed to raise any legal issues therein, his concise statement does comply with Pa.R.A.P. 1925(b); therefore, Appellant has not preserved any issues for this Court's review.[6]

_____

[6] Even had Appellant properly raised the issue he presents herein before the trial court, in the argument portion of his appellate brief, which is essentially devoid of any citation to legal authority, he reiterates his version of the facts
*(Footnote Continued Next Page)*

- 7 -

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/2016

---

*(Footnote Continued)* ————————

and challenges the trial court's credibility determinations. It is well-settled that in a nonjury trial, the trial court sits as fact finder where there is conflicting evidence. ***Commonwealth v. Hart***, 460 A.2d 745 (Pa. 1983). The fact finder as the entity viewing the witnesses makes credibility determinations and resolves conflicts with regard to their testimony and in doing so is free to believe all, some, or none of the evidence presented. ***Haan v. Wells***, 103 A.3d 60, 72 (Pa.Super. 2014). Moreover, while the factfinder may not render a verdict based upon conjecture, it possesses the duty to assess damages, and an appellate court should give deference to its decisions. ***Boehm v. Riversource Life Ins. Co.***, 117 A.3d 308, 328 (Pa.Super. 2015). We have thoroughly reviewed the trial testimony and exhibits as well as the trial court's consideration of the same and discern no abuse of discretion.